UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VANGUARD PRODUCTS GROUP, INC. and TELEFONIX, INC., both Illinois corporations, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 05 C 6310 |
| v. | ) Judge John W. Darrah |
| PROTEX INTERNATIONAL CORP., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Vanguard Products Group, Inc. and Telefonix, Inc., filed suit against Defendant, Protex, International Corp., alleging Defendant's infringement of U.S. Patent No. 6,799,994 B2. Presently pending before the Court is Protex's motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a).

### BACKGROUND

A reading of the Complaint, including attachments, and other matters of record supports the following summary of the alleged operative conduct of the parties.

Paul Burke, the founder and president of Telefonix, Inc., obtained U.S. Patent No. 6,799,994 B2 ("the '994 Patent") for an anti-shoplifting system, entitled Cord Management Apparatus and Method. The anti-shoplifting equipment protected by the '994 Patent is a unique cord reel management system which permits the unattended display of electronic consumer products by retailers for use by potential purchasers, while simultaneously preventing product theft. On October 5, 2004, immediately after obtaining the patent, Burke assigned the

'994 Patent to Telefonix, which is a designer and manufacturer of products in the field of electronic cord management. Thereafter, Telefonix exclusively licensed the '994 Patent to Vanguard. Vanguard is a wholesaler of anti-shoplifting equipment to various companies throughout the United States. Vanguard is co-owned by Burke, who is a Lake County, Illinois resident. Protex is a former customer of Telefonix and is also a purveyor of anti-shoplifting equipment to retailers. Protex is a competitor of Vanguard and sells a cord reel management system called PowerPro.

On March 4, 2005, Vanguard wrote a letter, notifying Protex of its possible infringement of the '994 Patent. Protex responded by letter on April 13, 2005, stating its opinion that the '994 Patent did not cover its PowerPro product.

On September 2, 2005, following Protex's execution of a large contract for the sale of the PowerPro product, Plaintiffs filed an amended complaint, adding Protex as a party defendant to a pending patent infringement action Plaintiffs had filed in the Northern District of Illinois against Diam International and Diam U.S.A. on March 4, 2005, for infringement of the '994 Patent (the *Diam* action"). The *Diam* court permitted the joinder of Protex in this suit.

On September 20, 2005, the *Diam* defendants filed a motion, requesting the court to reconsider the previous ruling that allowed Protex to be added as a defendant. The *Diam* defendants argued that Protex had been improperly joined inasmuch as Protex's alleged acts of patent infringement did not arise out of the same occurrence as the *Diam* action. On October 26, 2005, the motion to reconsider was granted; and the *Diam* court issued an order, denying Plaintiffs' motion to amend the complaint by adding Protex as a party defendant. The order stated that "[p]laintiff is required to file a separate action against one of the two defendants" and that "there is no proper basis for joining the two defendants in one action."

On October 27, 2005, Protex filed a declaratory judgment action, in the Eastern District of New York, against Plaintiffs. In its complaint, Protex requested that the New York court declare the '994 Patent invalid and that Protex is not infringing and has not infringed upon the '994 Patent.

On November 3, 2005, eight days after the declaratory judgment action was filed in the New York forum, Plaintiffs filed the instant action against Protex. Protex then filed this Motion to Dismiss or Transfer with this Court.

## ANALYSIS

### Motion to Dismiss for Improper Venue Under the First-to-File Rule

Protex moves for dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(3), asserting improper venue under the first-to-file rule. In response, Plaintiffs contend: that the declaratory judgment action pending in the New York forum was not the first filed because Plaintiffs' claim in the Illinois forum in the *Diam* action should be considered the first filed; also, that the declaratory action filed by Protex was an improper, anticipatory filing. For these reasons, Plaintiffs contend their choice of the Illinois forum, rather than Protex's choice of forum, should prevail. Protex responds that it did not engage in forum shopping and that it did not file its action in the New York forum in apprehension of an ongoing threat of litigation.

The Federal Circuit Court applies its circuit law when reviewing district court decisions on patent law issues in the interest of promoting national uniformity. *See Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999). In resolving venue disputes and issues of appropriate forum where two actions involve closely related patent infringement questions, the Federal Circuit has strongly endorsed the first-to-file doctrine. *See Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *overruled in part on other grounds by,*

3

*Wilton v. Steven Falls Co.*, 515 U.S. 277, 289 (1995) (*Genentech*); *Trading Tech. Intl., Inc. v. CQG, Inc.*, 2005 WL 3601936 at 2 (N.D. Ill. Oct. 31, 2005) (*Trading Tech.*). The first-to-file rule is a discretionary doctrine that provides if actions involving nearly identical parties and issues have been filed in two different courts, the court in which the first suit was filed should generally proceed to judgment. *See Genentech*, 998 F.2d at 937. This rule applies even if the filing is a declaratory judgment action. *See Elec. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (*Elec. for Imaging*); *Genentech*, 998 F.2d at 937.

### Determination of the Action First Filed

It must first be determined which of the two actions was first filed. As between the instant action and the action filed in New York (Case No. CV-05 5032), the record is unambiguous as to the dates of filing. The declaratory judgment action pending in the New York forum was filed on October 27, 2005. The instant action was filed eight days later, on November 3, 2005. Considering only these two actions, the declaratory judgment action filed in the New York forum was chronologically the first filed.

Plaintiffs, however, argue Protex's New York declaratory judgment action should be deemed the second filed. Plaintiffs contend the order in the *Diam* action that denied their efforts to add Protex to the suit in the Illinois action imposed upon Plaintiffs a requirement to file this action against Protex; and, therefore, it should be afforded the status of an action pending prior to the time the New York action was filed. Said another way, it is Plaintiffs' position that because the court order in the *Diam* action imposed a requirement on Plaintiffs to file a separate

action against Protex, the instant action should be treated as the first filed in relation to the New York action, inasmuch as the instant action effectively constitutes a continuation of the Illinois *Diam* action. The *Diam* court order, Plaintiffs contend, creates a special circumstance, favoring a determination by this Court that their litigation was the first filed because they had no choice but to file the instant action against Protex.

Notwithstanding Plaintiffs' characterization of the *Diam* order, it essentially determined that the pursuit of claims of patent infringement against both Diam and Protex must be by separate, independent actions. That is, the order specifies that in the prosecution of both claims of patent infringement, one of the proposed defendants in the *Diam* action must be sued in litigation apart from the *Diam* action. The crux of the order is (1) that the existing claims against the previously named defendants in the *Diam* action cannot be litigated in a single action with Protex and (2) that Plaintiffs, to the extent they intend to pursue prosecutions of both parties, would be required to bring their claims in separate actions. No reasonable reading of the language of the order supports an interpretation otherwise. Nothing in the procedural history nor the language of the *Diam* court in refusing to join Protex as a defendant in that case demonstrates sound reason to make it unjust to find Protex the first filed in the New York District Court. *See Genentech*, 998 F.2d at 937-38.

### Exceptions to the First-to-File Rule

With the question as to which action was first filed having been resolved in Protex's favor, the Court now turns to the consideration of relevant equitable factors that might rebut the presumption favoring Protex's choice of forum in New York.

The rule favoring the forum of first-filed action is not absolute. *See Genentech*, 998 F.2d at 937; *MLR, LLC v. U.S. Robotics Corp.*, 2003 WL 685504 at * 1 (N.D. Ill. Feb. 23, 2003)

5

(*MLR*). The first-to-file doctrine is a general rule "favoring the right of the first litigant to choose the forum, absent countervailing interests of justice or convenience." *Genentech*, 998 F.2d at 938. "[R]igid mechanical solutions" to venue and jurisdiction problems are not counseled by the Federal Circuit. *See Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952); *Trading Tech.*, 2005 WL 3601936 at 2.

Exceptions recognized by the Federal Circuit are found when justice or expediency requires. *Genentech*, 998 F.2d at 937. Considerations affecting strict application of the first-to-file rule include "convenience and availability of witnesses, absence of jurisdiction over all necessary or desirable parties, the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *Genentech*, 998 F.2d at 938. Other equitable considerations are whether a first-filed declaratory judgment is in bad faith, anticipatory and motivated by forum shopping. *See Serco Serv. Co. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) (*Serco Serv.*). These equitable factors, as possibly warranting exceptions to the general rule in favor of the first-filed action in patent cases, track those considered in ruling on a motion to transfer under 28 U.S.C. § 1404(a). *See Genentech*, 998 F.2d at 937-38; *Buztronics, Inc. v. Theory3, Inc.*, 2005 WL 1113873 at 4 (N.D. Ill. May 9, 2005) (*Buztronics*).

Accordingly, the relevant equitable factors to be considered are (1) jurisdiction over the parties, (2) judicial efficiencies and economies, (3) conveniences to the parties, (4) availability and convenience of witnesses, and (5) the extent to which the declaratory judgment action filed in another forum is anticipatory and motivated by forum shopping.

*Jurisdiction Over the Parties*

In the instant case, because neither forum lacks jurisdiction, there is no countervailing effect on application of the first-to-file rule.

*Judicial Efficiencies and Economies*

The *Genentech* court observed the importance of avoiding a "redundancy of litigation" and of "preventing multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." 998 F.2d at 938. While the *Diam* action involving the '994 Patent is yet pending, that court determined there is no basis to join Protex with Diam as co-defendants. Therefore, "comprehensive disposition of litigation" of both actions cannot be achieved in that suit pending in the Illinois forum that would promote judicial economy or avoid "a redundancy of litigation." Although, Telefonix is not a named party in the New York patent infringement action, there does not appear to be any impediment to joining Telefonix as a defendant there. Consideration of promoting judicial efficiency and conservation of judicial resources here are neutral factors and, if not, weigh slightly in favor of the New York forum and, therefore, do not support an exception to the first-filed rule.

*Conveniences to the Parties*

In evaluating conveniences for the parties, courts considers: the choice of forum of the first to file; the convenience of the witnesses; the ease of access to evidence; the location of material events; and the overall convenience of litigating in the respective forums. *See, e.g., Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp.2d 958, 960 (N.D. Ill. 2000). For the New York-based Protex and its principals, the Illinois forum is obviously the less convenient forum. For the Florida-based Vanguard, the New York and the Illinois forums are equally inconvenient (except for Burke, one of its principals). For the Illinois-based Telefonix and its sole principal, Burke, the '994 Patent inventor who resides in Illinois, the New York forum is the less convenient forum. If the forum remains in Illinois, Protex and its organization will be caused,

overall, greater inconvenience. On the other hand, only Burke would be more inconvenienced in the New York forum.

Regarding access to the evidence, New York, as the principal place of business for Protex, is the location of documents and evidence regarding sales, manufacturing personnel, equipment, and the witnesses responsible for the design of the Protex PowerPro product. Even though the Northern District of Illinois may be a convenient forum in this regard, unless it is clear that it is more convenient than New York, deference must be given to the New York forum – the preferred forum of the first-filed plaintiff. Deference to a later-filed action will not be given when to do so "*merely serves to shift in conveniences from one to another.*" *See, e.g., RJF Holdings III, Inc. v. Kremer Laser Eye Center, Inc.* 2003 WL 22794987 at 4 (E.D. Pa. Nov. 24, 2003) (quoting *Weight Watchers Intl v. The Stouffer Corp.*, 1989 WL 73292 at 4 (S.D. N.Y. June 28, 1989). Therefore, the overall convenience weighs in favor of the New York forum; and no sound reason exists for making an exception to the application of the first-to-file rule.

*Availability and Convenience of Witnesses*

Of major concern is the availability of non-party witnesses. *Buztronics*, 2005 WL 1113873 at 4. Party witnesses and those closely aligned with a party are presumed to be more willing to testify in a different forum. *Samsung Elec. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 718 (E.D. Va. 2005). Parties are generally assumed to be sufficiently motivated to have their own employees or other allies appear in person for trial wherever it might take place. *Buztronics*, 2005 WL 1113873 at 4. This is not so for non-party witnesses. Therefore, principal concern is to ensure that non-party witnesses are available for trial. *Buztronics*, 2005 WL 1113873 at 4. In this case, neither party has identified any non-party witnesses. At most, the

parties have made reference only to witnesses who are employees or who are closely aligned with a party. Consequently, it may be assumed that each party can obtain the presence of these witnesses in the more distant venue. There is no indication that one party's witnesses will be burdened or inconvenienced more than the other party's witnesses. For the presumption of the first-to-file rule to be overcome, there must be a clear showing that it would be unjust or inefficient for the first-filed lawsuit to proceed. *See, e.g., Design Auto Group, Inc. v. Lund Indus., Inc.* 1996 WL 377063 at 1-2 (N.D. Ill. July 1, 1996) (*Design Auto*). The factor of availability of non-party witnesses weighs in favor of neither party and presents no sound basis for exception to the first-to-file rule.

*Forum Shopping*

Plaintiffs contend that Protex filed the declaratory judgment action in New York solely in anticipation of the instant lawsuit and was a manipulative attempt to select a forum. The Declaratory Judgment Act is not a tool to be used by potential litigants for the purpose of securing the forum. *See Schumacher Elec. Corp. v. Vector Products, Inc.*, 286 F. Supp.2d 953, 955 (N.D. Ill. 2003).

Whether the party filing the action did so for the purpose of preempting the infringement suit brought by another may be considered. *See Serco Serv.*, 51 F.3d at 1040. Intent of the filing party, though, is "merely one factor (to be considered) in the analysis." *Elec. for Imaging*, 394 F.3d at 1347-48; *Trading Tech.*, 2005 WL 3601936 at 2.

Protex claims it filed the New York action in good faith and not for purposes of forum shopping. Other than the prior unsuccessful attempted joinder of Protex as a defendant in the *Diam* case, the Plaintiffs cannot show any conduct by Protext that would make its New York declaratory judgment action anticipatory and Protex guilty of forum shopping. Even if the New

York action could be characterized as anticipatory, this does not, alone, warrant making an exception to the general first-to-file rule. *Elec. for Imaging*, 394 F.3d at 1348; *Buztronics*, 2005 WL 1113873 at 5. Because the impact of traditional forum shopping in patent cases has been in large part obviated by the creation of the Federal Circuit, the stakes of a race to the courthouse are now less severe. *Serco Serv.*, 51 F.3d at 1040. Dismissal of a declaratory action that is anticipatory in nature may be granted in view of other factors, including the location of the witnesses and documents, but cannot be premised solely because the suit was designed to anticipate a later-filed complaint in another forum. *Elec. for Imaging*, 394 F.3d at 1348. Here, there are no additional factors to support dismissal even if Protex's New York suit was found to be filed in anticipation of this action. Rather, those factors, as explained above, favor the New York forum and support the first-to-file rule.

Plaintiffs cite cases in support of the general proposition that the filing of an anticipatory declaratory judgment serves as a sufficient ground for departing from the first-to-file rule. *See Schwartz v. Natl. Van Lines, Inc.*, 317 F. Supp. 2d 829, 833 (N.D. Ill. 2004) (*Schwartz*); *S.J.G. Enterprises, Ltd. v. Eikenberry & Assoc., Inc.*, 2004 WL 17944475 at 1 (N.D. Ill. August 5, 2004); *Galileo Intl. Partn. v. Global Village Commn., Inc.*, 1996 WL 452273 at 4 (N.D. Ill. Aug. 8, 1996) (*Galileo*); *MLR*, 2003 WL 685504 at * 1. The facts in each of the cases, however, are distinguishable. Specifically, in each of the cases, the potential litigants, prior to the filing of the declaratory action, had either been engaged in negotiations which broke down and the patentee clearly articulated to the alleged infringer an explicit and unequivocal threat of imminent suit or the alleged infringer surreptitiously filed the declaratory judgment action while feigning good faith efforts to negotiate the dispute.

Unlike the circumstances in the above cited cases, when Protex brought its declaratory judgment action in New York, there had been no negotiations between the parties. While Protex and Vanguard had exchanged letters charging and denying infringement, there was no further communication for a period of nearly eight months. At the time Protex filed in the New York forum, there existed no express or implied agreement between the parties to negotiate.

## Motion to Transfer Pursuant to Federal Change of Venue Statute

In light of the above ruling, the issue of transfer pursuant to 28 U.S.C. § 1404(a) is not considered.

## CONCLUSION

In the instant action, the presumption favoring the forum of the first-filed action has not been overcome. There has been no showing of an imbalance of convenience nor is there present compelling circumstances or sound reasons which would make it "unjust or inefficient" to permit the District Court for the Eastern District of New York first-filed action to proceed.

For the foregoing reasons, Protex's Motion to Dismiss is granted. Protex's Motion to Transfer Venue is denied as moot.

Dated: March 14, 2006

JOHN W. DARRAH
United States District Court Judge